**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| JUDY F. MULVIHILL, individually, and on behalf of all other individuals similarly situated, | ) ) ) ) | Civil Action No.  6:23-cv-03542-JD |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANT'S RESPONSES TO** |
| CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM and JOHN DOES 1-10, | ) ) ) ) | **LOCAL RULE 26.03 INTERROGATORIES** |
| Defendants. | ) ) | |

Defendant Charter Communications, Inc., through their undersigned counsel, hereby submit its Answers to Local Rule 26.03 Interrogatories as follows:

 **(1) A short statement of the facts of the case.**

RESPONSE:

This lawsuit is an improper copycat of identical putative class action against Charter pending for more than 3 years, since 2020, in the Eastern District of North Carolina since 2020 called *Tiffanie Hogans v. Charter Communications Operating, LLC*, et. al., 5:20-cv-00566. The putative class in *Hogans* will either subsume or eliminate Plaintiff's putative class, and involves the same issues that would be presented here. As a result, a stay, transfer, or dismissal of this action under the first-to-file rule is warranted under well-settled law: "Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *See Checkeeper, LLC v. Nelliparamban*, 2018 WL 10126745, at *1 (D.S.C. July 20, 2018) (*quoting Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982)); *see also Blackwell v. Midland Credit Mgmt., Inc.*, 2018 WL 4963166 (D.S.C. Oct. 15, 2018) (applying first-to-file rule to transfer

plaintiff's case); *Daileader v. Certain Underwriters at Lloyd's London - Syndicate 1861*, No. CV 7:22-916-HMH, 2022 WL 2276461 (D.S.C. June 23, 2022) (same).

Setting aside that the first-to-file rule ends this matter, Plaintiff's Complaint lacks merit. Contrary to Plaintiff's allegations, Charter maintains robust policies and practices to ensure TPCA compliance. Per those policies, Charter ceased calling Plaintiff after she requested the calls to stop. Among other protective measures, Charter maintains strict protocols to ensure no calls utilizing an artificial or prerecorded voice are made to numbers that haven't expressly consented to such calls. To this point, the "8838" number at issue in this case formerly belonged to another individual who was a pre-existing Charter customer, and who expressly consented to receive account updates from Charter via artificial or pre-recorded voice. However, as represented by Plaintiff's counsel, the "8838" number was reassigned to Plaintiff at some point in February 2023. Charter then ceased calling "8838" number immediately once Plaintiff alerted Charter and requested that the calls stop. This action is thus not appropriate for class certification and Plaintiff does not meet the requirements to serve as class representative in any event.

**(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

RESPONSE:

Charter provides the following list of persons who may have discoverable information that Charter may use to support its defenses. The list is based upon information available to Charter. Charter's investigation is ongoing, and it reserves the right to supplement the list below if and when additional individuals are identified. *Ex parte* contact with Charter's employees is not authorized by the following disclosures. All contact with Charter's current employees should be made through Charter's counsel of record only.

- Judy Mulvihill, Plaintiff, who may have information concerning the allegations in the Complaint, her communications to Charter, her phone records, any calls she received, and any alleged damages related to any calls.

- Kim Mulvihill, who, upon information and belief, is related to Judy Mulvihill and may have information related to the allegations in the Complaint, her communications to Charter on Plaintiff's behalf, including Plaintiff's consent to receive the calls and agreement to terms with an arbitration requirement, Plaintiff's phone records, any calls she received, and any alleged damages related to any calls.

- "Zachary Kelly", who Plaintiff alleges in the Complaint was referenced in the telephone calls placed to Plaintiff, and who may have information relating to phone records for the telephone number at issue and calls received.

- A records custodian to authenticate any documents produced by Charter.

- A corporate witness to testify regarding the circumstances of phone calls allegedly made to Plaintiff and related policies and procedures.

- Any third-party vendor of Charter that may have information concerning the allegations in the Complaint or communications with Plaintiff.

- Any witnesses identified by Plaintiff.

- Any witness revealed during discovery or motion practice.

**(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

RESPONSE:  Charter has not retained any expert witness at this time but reserves the right to identify one or more experts if the need arises.

(4)    **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**<u>RESPONSE:</u>**

1.  Plaintiff and putative class members are barred from asserting claims in this forum under the first-to-file rule, as Plaintiff's class allegations are identical to one being asserted in another putative class action that has been pending in the Eastern District of North Carolina since 2020 (*Tiffanie Hogans v Charter Communications Operating, LLC*, et. al., 5:20-cv-00566). *See Checkeeper, LLC v. Nelliparamban*, 2018 WL 10126745, at *1 (D.S.C. July 20, 2018) (*quoting Allied-General Nuclear Servs. v. Commonwealth Edison Co*., 675 F.2d 610, 611 n.1 (4th Cir. 1982)); *see also Blackwell v. Midland Credit Mgmt., Inc.*, 2018 WL 4963166 (D.S.C. Oct. 15, 2018) (applying first-to-file rule to transfer plaintiff's case); *Daileader v. Certain Underwriters at Lloyd's London - Syndicate 1861*, No. CV 7:22-916-HMH, 2022 WL 2276461 (D.S.C. June 23, 2022) (same).

2.  The Complaint fails to allege facts sufficient to state a cause of action against Charter. For example, Plaintiff failed to show that any calls he allegedly received were calls for "which the called party is charged" as required by the TCPA. 47 U.S.C. § 227; FED. R. CIV. P. 12(b)(6).

3.  Improper venue and class waiver to the extent any putative class member agreed to Charter's Terms and Conditions of Service, which contains a binding arbitration provision and class waiver. *See* 47 U.S.C. § 227; *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019).

4.  Plaintiff and the putative class members are barred from asserting claims in whole or

in part to the extent the calls at issue were made with the recipients' prior express permission and/or consent. 47 U.S.C. § 227.

5.  Plaintiff and the putative class members are barred from asserting claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff and putative class members cannot assert claims under the TCPA against Charter to the extent they and/or others voluntarily placed orders, opened accounts, and provided their number and address for the purpose of receiving calls like those referenced in the Complaint. *See, e.g., S. Dev. Land & Golf Co. v. S.C. Pub. Serv. Auth.*, 426 S.E.2d 748, 751 (S.C. 1993).

6.  Any claims for treble damages are barred because Charter did not engage in knowing or willful misconduct. For example, Charter has significant compliance practices, including never using an automatic telephone dialing system to call cellular numbers without prior express written consent. 47 U.S.C. § 227.

7.  To the extent any damages, injury, or violation alleged in the Complaint occurred due to the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called), Charter did not proximately cause any such damages, injuries, or violations and cannot be held liable. 47 U.S.C. § 227.

8.  To the extent any damages, injury, violation of law or wrongdoing alleged in the Complaint were caused by the actions of third parties or Plaintiff herself, Charter's liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff herself. For example, to the extent any vendor caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the

parties' agency agreement and Charter did not approve of that conduct and cannot be held vicariously liable for it. *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

9. The Complaint fails to state any claim for injunctive relief because Plaintiff has an adequate remedy at law and there is no ongoing conduct. For example, the TCPA provides for statutory penalties of $500 per call, or monetary compensation for actual damages. 47 U.S.C. § 227.

10. The TCPA violates the First Amendment of the United States Constitution. For example, the TCPA and the regulations and rules promulgated thereunder, impose content-based restrictions on speech that fail to withstand strict scrutiny. *See* United States Constitution, 1st Amendment.

11. The TCPA's provisions, including the imposition of statutory damages on Charter, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA renders the statutes unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive. *See* United States Constitution, 14th Amendment.

12. The Hobbs Act cannot be constitutionally applied to deprive Charter of any defenses it has under the TCPA or rules or regulations promulgated thereunder.

13. Plaintiff and the putative class members are barred from asserting claims in this jurisdiction because this Court lacks personal jurisdiction over Charter and because venue is improper in this Court. 28 U.S.C. § 1391; *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014).

14. Charter is not liable to Plaintiff because Charter acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or

other laws. 47 U.S.C. § 227.

15. Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Charter meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

16. Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

17. Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages. *Bossalina v. Lever Bros.*, 849 F.2d 604 (4th Cir. 1988).

18. Any and all claims brought in the Complaint are barred in whole or in part because Charter has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations. 47 U.S.C. § 227.

19. Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

20. Any and all claims brought in the Complaint are barred because Charter possessed a good faith belief that it had consent to call the number at issue.

21. Plaintiff's TCPA claims are barred to the extent they are based on regulations that exceed the FCC's delegated authority.

22. Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. FED. R. CIV. P. 23.

Charter reserves the right to assert additional defenses as the need arises.

**(5)    Absent special instructions from the assigned judge, proposed dates for the following**

**deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

**a.      Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures:**

Response: As set forth in the proposed Consent Amended Scheduling Order filed with the Joint Rule 26(f) report, the parties propose that Plaintiff disclose her expert witnesses, if any, by no later than January 18, 2024.  Charter shall disclose their expert witnesses, if any, by no later than February 20, 2024.

**b.      Completion of discovery.**

RESPONSE: The parties propose that discovery shall be completed by April 30, 2025.

**(6)      Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

RESPONSE:  As noted above, Charter will be filing a motion seeking to stay, transfer, or dismiss this action. Discovery should not occur until that issue is resolved. Because the *Hogans v. Charter* matter in the Eastern District of North Carolina is substantively identical to this one, a stay, transfer, or dismissal of this action under the first-to-file rule is warranted. *See Checkeeper, LLC v. Nelliparamban,* No. CV 6:18-1367-HMH, 2018 WL 10126745, at *1 (D.S.C. July 20, 2018)("'Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed.'")*(quoting Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982)); *Blackwell v. Midland Credit Mgmt., Inc.,* No. 2:18-CV-2205-RMG, 2018 WL 4963166 (D.S.C. Oct. 15, 2018)(applying first-to-file rule to transfer plaintiff's case); *Daileader v. Certain Underwriters at Lloyd's London - Syndicate 1861,* No. CV 7:22-916-HMH, 2022 WL 2276461 (D.S.C. June 23, 2022)(same). This will be more fully briefed in Charter's forthcoming motion and Charter will be seeking a stay of any further discovery in this forum until the Court

rules on the motion.

(7)     **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

RESPONSE: N/A.

Respectfully submitted,

s/Bess J. DuRant
Thornwell F. Sowell, III (Fed. Bar No. 4244)
Bess J. DuRant (Fed. Bar No. 10603)
SOWELL & DuRANT, LLC
1325 Park Street, Suite 100
Columbia, South Carolina 29201
Telephone: 803-722-1100
Facsimile: 803-281-8890
bsowell@sowelldurant.com
bdurant@sowelldurant.com

Ryan D. Watstein (pro hac vice forthcoming)
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone:
ryan@wtlaw.com

*Attorneys for Defendant*
*Charter Communications, Inc. d/b/a Spectrum*

Columbia, South Carolina

October18, 2023